**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEAN L RAST | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | CIVIL ACTION FILE |
| | ) | NUMBER _____ |
| GMAC MORTGAGE CORPORATION | ) | |
| d/b/a Ditech com, | ) | 1:04-CV-3631 |
| | ) | |
| Defendant | ) | -JTC |
| | ) | |

### NOTICE OF REMOVAL

Defendant GMAC Mortgage Corporation, d/b/a Ditech com ("Defendant"), by counsel and pursuant to 28 U S C §§ 1441 and 1446, hereby removes to this Court a civil action instituted and pending in the State Court of Fulton County, State of Georgia the State Court") which is styled <u>Jean L Rast v GMAC Mortgage Corporation, d/b/a Ditech com</u>, Civil Action File No 2004CV92184 In support of this Notice of Removal, Defendant states as follows

#### The Procedural Prerequisites For Removal Have Been Met

1   This action is removable to federal district court pursuant to 28 U S C § 1331 based upon federal question jurisdiction

2   On or about October 7, 2004, Plaintiff filed in the State Court a Complaint against Defendant  A copy of the Complaint is attached hereto as Exhibit 1



3       The Complaint was accepted by stipulation of counsel on November 12, 2004 Accordingly, this Notice of Removal is filed within the 30-day period required by 28 U S C § 1446(b)

4       Plaintiff's Complaint alleges a violation of the Truth In Lending Act (15 U S C Sec 1601, et seq ) and Home Ownership Equity Protection Act (15 U S C Sec 1639)

5       Pursuant to 28 U S C §1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States and, as such, have original jurisdiction over this action

6       Because this is a civil action over which the district courts of the United States have original jurisdiction, Defendants are entitled to remove this action to the United States District Court for the Northern District of Georgia, pursuant to 28 U S C §§ 1331 and 1441(b)

7       The original of Exhibit 2 attached hereto (Notice of Removal to Federal Court) is being dispatched by Defendant for filing in the State Court simultaneously with the dispatch of this pleading to this Court A copy of this notice (less attachments) is attached to the Notice of Removal to Federal Court being filed in the State Court

8       The exhibits hereto include all pleadings received by or served upon Defendant in connection with Plaintiff's claims.

9       Venue lies in this Court pursuant to 28 U S C § 1441(a) because Plaintiff's action is pending within this Court's geographic jurisdiction

For the reasons cited above, Defendant removes this action to this Court from the State Court of Fulton County, Georgia

This 13th day of December, 2004

*[signature]*

Curtis L Mack
Georgia Bar No 463636
Jefferson M Allen
Georgia Bar No 010898
Attorneys for Defendant
GMAC Mortgage Corporation
d/b/a Ditech com

McGUIREWOODS LLP
1170 Peachtree Street, N E
Suite 2100
Atlanta, Georgia 30309
Telephone  (404) 443-5730
Facsimile  (404) 443-5784

Andrew J Soven
Mark S Melodia
Melissa P Marschner
Attorneys for Defendant
GMAC Mortgage Corporation
d/b/a Ditech com

REED SMITH LLP
Princeton Forrestal Village
136 Main Street
Princeton, New Jersey 08540
Telephone  (609) 987-0050
Facsimile  (609) 951-0824

Motions Pro Hac Vice Pending

IN THE SUPERIOR COURT FOR FULTON COUNTY
STATE OF GEORGIA

Jean L Rast,

    Plaintiff,

v

GMAC Mortgage Corporation
dba Ditech com,

    Defendant

CIVIL ACTION
File No  2004CV92184

## COMPLAINT

Jean L Rast (referred to as "Rast") for her complaint against the defendant, GMAC Mortgage Corporation dba ditech com ("defendant" or "Ditech") alleges and states

1    The defendant named here is a foreign corporation doing business in this State and maintains an office in this County

2    The defendant, ditech is a large, sophisticated lender that solicits clients for second mortgage loans through a massive television campaign and through the use of an internet web site  Ditech advertises that it allows the public to deal directly with the lender and avoid the middleman, implying that it will cost the borrower less than a traditional loan through a bank  The web site also claims "**Competitive Rates** Our convenient and speedy process enables us to offer some of the lowest rates in the business for all types of home loans  We challenge you to find lower rates and fees from any other lender out there!"  See

EXHIBIT 1

www ditech com/about/why_ditech jsp As set forth more fully below, ditech regularly and systematically charges exorbitant fees in connection with its second mortgage loans

3   Unlike traditional loans that are closed by a closing attorney, Ditech's practice is to have the documents delivered by overnight mail or a notary or "document signer" deliver the documents to the customer at the customer's home As stated on its web site "In some states, for a refinance or second mortgage, ditech com will send a document signer to your home or another place that you designate so you can sign all your loan documents " See www ditech com/questions/loanapplication jsp#5 The Notary does not have the ability or knowledge to answer any questions regarding the loan The signer is merely instructed where to obtain signatures, nothing more These practices constitute the unauthorized practice of law in the State of Georgia See IN re UPL Advisory Opinion 2003-2, 2003 Ga Lexis 946 (November 10, 2003) This deceptive scheme violates the consumer protection laws enacted by Congress and the entire spirit of the "Truth in Lending" laws designed to provide consumers with easily understood and disclosed information regarding the true cost of credit

4   This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U S C Sec 1601 et seq TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act TILA is a remedial

statute that is to be construed liberally *Ellis v GMAC*, 160 F 3d 703, 707 (11th Cir 1998)

5   The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act Regulation Z can be found at 12 CFR 226 1 et seq The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors

6   The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction

7   TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures

8   Additionally, TILA provides for material disclosures under 15 U S C Sec 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U S C Sec 1639 (a) ]"

9   Additionally, when a consumer is using their home as collateral for a loan The TILA provides the consumer with the right to cancel non-

purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

10. The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

11. In 1994, Congress added to the TILA by enacting the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, ("HOEPA"). HOEPA was enacted by Congress to curb predatory lending.

12. Congress found that several high-rate lenders were using non-purchase money mortgages to take advantage of unsophisticated and low income homeowners in a "predatory" fashion. See S. Rep. 103-169, 1994 U.S.C.C.A.N. 1881, 1907.

13. HOEPA provides additional protections for consumers whose loan falls within the definition of a "High Cost Mortgage". A loan is considered a "high cost mortgage" and triggers the HOEPA requirements if one of two tests is met. The first test is whether the consumer was charged more than 8% of the "total loan amount" in points and fees. In setting the 8% bright line test Congress found that the 8% level for points and fees was well above the industry average. The 8% trigger was to "prevent unscrupulous creditors from using grossly inflated fees and charges to take advantage of unwitting consumers". S. Rep. 103-169,

1994 U S S C A N 1881, 1908 The second test is whether the APR exceeds the comparable treasuries rate by more than 10%

14     At least three business days prior to closing a "high cost" loan, Lenders are required by 15 U S C Sec 1639 to provide the following written disclosures in conspicuous type size

>(a) the annual percentage rate,
>
>(b) the amount of the monthly payment,
>
>(c) that the Consumers were not required to complete the transaction merely because they received the disclosures or that they signed a loan application,
>
>(d) that the loan would result in a mortgage against their home, and
>
>(e) that they could lose their home, any money they have put into it, if they did not meet their obligation

The form used by ditech for the disclosures required by HOEPA fails to set out the disclosures in conspicuous type size The form used by ditech for the disclosures required by HOEPA also erroneously and deceptively includes 2 references to the loan interest rate

## PARTIES

15     Plaintiff is a "consumer" as defined under TILA, 15 USC § 1602(h)

16     The plaintiff is a resident of Georgia

17     Defendant, ditech, is a mortgage company and a "creditor" as defined under TILA, 15 USC § 1602(f)

18    Ditech has made more than five loans secured by real property in the each of the years 1999, 2000, and 2001

## COUNT I

### VIOLATION OF TRUTH IN LENDING

19    Rast incorporates by reference, the allegations in the foregoing paragraphs

20    Rast entered into a loan that was secured by her principal dwelling

21    Rast paid at least was charged up front fees of at least $6,005 for a $33,400 loan with an alleged APR of 20 881% Rast avers the actual APR is 21 5271%, a difference of 6461%

22    On the day she singed the loan documents she was not provided copies of any documents  She was subsequently provided documents  The Truth in Lending Disclosure Statement provided to the Rast is attached as Exhibit 1

23    She was entitled to receive 2 notices of her right to cancel the transaction  On the day she signed, she received none

24    The notices were required to set forth the date the right to cancel period expires pursuant to 12 CFR Sec 226 23 (b)(1)(v)

25    The notice of right to cancel that was provided later did not include the date their right to cancel expired  Rast was not given the proper notice of the right to cancel in violation of the TILA

26    The schedule of payments provided was inaccurate  The first payment was not due on January 1, 2001 as set forth on the Truth in Lending

Disclosure Statement   The first payment was paid from the loan proceeds   See Closing Instructions, Exhibit 2

27    The date of the note was November 5, 2000

28    Plaintiff gave the defendant written notice of an election to cancel the transaction within three years of the date set forth on the note

29    Plaintiff's written election to cancel was given on September 23, 2003

30    A response is required within 20 days   See 15 U S C  Sec  1635 (a)

31    The defendant did not honor or respond to Rast's written election to cancel at any time

32    Rast was forced to file this action to confirm the election to cancel

Wherefore, the Rast prays this court grant the following relief in her favor and against defendant, ditech

    a    A judgment confirming the election to cancel the transaction and granting Rast the relief she is entitled to under 15 U S C § 1635,

    b    An award of statutory damages under 15 U S C  Sec  1640 for ditech's failure to timely respond to the notice of election to cancel,

    c    An award of costs and attorneys fees,

    d    Such other and further relief that the court deems just and proper

## COUNT II

## VIOLATION OF THE HOME OWNERSHIP AND EQUITY PROTECTION ACT

33    Rast incorporates by reference the foregoing allegations

34      Rast was charged an APR that exceeded the applicable treasuries rate by more than 10% and points and fees in excess of 8% of the "total loan amount"

35      Rast's loan falls within the definition of a "high cost" mortgage as that term is defined by 15 U S C § 1602 (aa)

36      Rast's loan falls within the parameters of HOEPA, 15 U S C § 1639

37      HOEPA requires that certain disclosures be made in conspicuous type size to consumers at least three business days before loan consummation See 15 U S C Sec 1639 (b)(1)

38      Rast was not provided the notices required three business days in advance as required by 15 U S C Sec 1639 (b)

39      The disclosures required by 15 U S C Sec 1639 (a) are deemed material disclosures under 15 U S C Sec 1602 (u)

40      The defendant included a prepayment penalty that failed to comply with 15 U S C Sec 1639 (c)(2)(B)

41      The inclusion of terms, prohibited by HOEPA, are deemed to be failure to provide material disclosures for purposes of rescission 15 U S C Sec 1639 (j)

42      Rast gave the defendant written notice of the election to cancel the transaction within three years of the date set forth on the note

43      The defendant did not honor or respond to the written election to cancel at any time

44      Rast was forced to file this action to confirm the election to cancel

Wherefore, the Rast prays this court grant the following relief in her favor and against defendant, ditech

    a    A judgment confirming the election to cancel the transaction and granting Rast the relief she is entitled to under 15 U S C § 1635,

    b    An award of statutory damages under 15 U S C Sec 1640 for ditech's failure to timely respond to the notice of election to cancel,

    c    An award of costs and attorneys fees,

    d    Such other and further relief that the court deems just and proper

Respectfully submitted,

_____
F Anthony Blakey
Kelly, Lovett, Mullis & Blakey, P C
2539 Lafayette Plaza Drive
P O Box 70879
Albany, GA 31708
(229) 888-9128
GA BAR No 061817

# EXHIBIT 1

# TRUTH IN LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Applicant  Jean L Rast
155 Roswell Farms Court
Roswell, GA 30075

Lender  GMAC Mortgage Corporation DBA ditech com
3200 Park Center Dr Suite 150
Costa Mesa CA 92626

Loan No  000652332570

Property  155 Roswell Farms Court
Roswell GA 30075

Type of Loan  Conventional
Date  November 5, 2000
Disclosure Type  Final

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 20.881 % | $ 61,585 55 | $ 26,667.24 | $ 88,252.79 |

REPAYMENT  See Payment Schedule below

| PAYMENT SCHEDULE | | | | | |
|---|---|---|---|---|---|
| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
| 179 | 490 32 | Monthly beginning 01/01/2001 | | | |
| 1 | 485 51 | Monthly beginning 12/01/2015 | | | |

DEMAND FEATURE  [X] This loan does not have a Demand Feature  [ ] This loan has a Demand Feature as follows

REQUIRED DEPOSIT  [ ] The annual percentage rate does not take into account your required deposit

VARIABLE RATE FEATURE  [ ] This Loan has a Variable Rate Feature  Variable Rate Disclosures have been provided to you earlier

SECURITY  You are giving a security interest in the property located at    155 Roswell Farms Court
Roswell GA 30075

ASSUMPTION  Someone buying this property [X] cannot assume the remainder of the mortgage on the original terms
[ ] may assume subject to conditions the remainder of the mortgage on the original terms

FILING / RECORDING FEES  $ 100 20        NON-FILING INSURANCE  $ N/A

PROPERTY INSURANCE  [X] Homeowner s insurance  or fire and extended coverage  is a required condition of this loan  Also  if the property securing this loan is located in a flood hazard area  you will be required to obtain flood insurance  Borrower may purchase this insurance from any insurance company acceptable to lender

LATE CHARGES  If a payment is more than 15 days late  you will be charged a late charge of  6 000 % of the payment

PREPAYMENT  If you pay off your loan early  you
[X] may    [ ] will not    have to pay a prepayment penalty
[ ] may    [X] will not    have to pay a minimum finance charge
[ ] may    [X] will not    be entitled to a refund of part of the finance charge

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties

I/We hereby acknowledge reading and receiving a complete copy of this disclosure

_____        _____
BORROWER/DATE                                    BORROWER/DATE

_____        _____
BORROWER/DATE                                    BORROWER/DATE

159003  06/23/1999
LASER PRO  Reg U S Pat  & T M Off   Version 2 0 8 7p14 (c) 2000 CFI ProServices Inc All Rights Reserved

# EXHIBIT 2

**BORROWERS COPY**

## CLOSING INSTRUCTIONS

| | | | |
|---|---|---|---|
| CLOSING AGENT | Ditech COM | LOAN NUMBER | 000652332570 |
| ADDRESS | 3200 Park Center Drive | TODAY'S DATE | November 2 2000 |
| | #150 | CLOSING DATE | November 5 2000 |
| | Costa Mesa CA 92626 | FUNDING DATE | November 15 2000 |
| CONTACT | Rochelle Morales | FIRST PAYMENT DATE | January 1 2001 |
| PHONE NUMBER | (714) 800 6378 | LAST PAYMENT DATE | December 1, 2015 |
| FAX NUMBER | (714) 800 7378 | NET FUNDING/CHECK AMOUNT | $33 400 00 |
| BORROWER NAME(S) | Jean L Rest | | |
| | | PURPOSE | Seconds |
| | | PROPERTY TYPE | One Family |
| VESTING | Jean L Rest | LOAN PROGRAM | Reward Loan (110% Second |
| | | SALES PRICE | $148,000 00 |
| | | LOAN AMOUNT | $33 400 00 |
| MAILING ADDRESS | 155 Roswell Farms Court Roswell GA | INTEREST RATE / POINTS | 15 990 |
| | 30075 | TERM | 180 months |
| PROPERTY ADDRESS | 155 Roswell Farms Court | MARGIN | |
| | Roswell GA 30075 | INDEX | N/A |
| | | FULLY INDEXED RATE | N/A |
| SELLERS NAMES | | FIRST ADJUSTMENT CAP | N/A |
| | | LIFE ADJUSTMENT CAP | N/A |
| ESCROW NUMBER | 181911 | FIRST PMT CHANGE DATE | N/A |
| ESCROW OFFICER | | INDEX DESCRIPTION | N/A |
| TITLE COMPANY | | | N/A |
| TITLE ORDER NO | | PRINCIPAL AND INTEREST | 490 32 |
| Please Fax FINAL HUD 1 to | | | |
| FUNDER NAME | Pamela Adams | TOTAL MONTHLY PAYMENT | $490 32 |
| PHONE NUMBER | | | |
| FAX NUMBER | (714) 800 7202 | | |

| HUD FEES DESCRIPTION | TOTAL CHARGED | BORROWER PAID | SELLER PAID | LENDER PAID | THIRD PARTY PAID | FEE POC |
|---|---|---|---|---|---|---|
| Loan Origination Fee | 5,010 00 | 5,010 00 | | | | |
| Administration Fee | 995 00 | 995 00 | | | | |
| Interim Interest 16 days @ $14 84 per day | 237 44 | 237 44 | | | | |
| First Payment | 490 32 | 490 32 | | | | |
| Mortgage Tax | 100 20 | 100 20 | | | | |

| ESCROWS DESCRIPTION | TOTAL CHARGED | BORROWER PAID | SELLER PAID | LENDER PAID | THIRD PARTY PAID | FEE POC |
|---|---|---|---|---|---|---|
| Hazard Insurance Escrow (monthly escrows waived) | | 0 00 | | | | |

ENCLOSED ARE THE FOLLOWING DOCUMENTS PERTAINING TO THE MORTGAGE CLOSING YOU ARE HANDLING ON OUR BEHALF

| | |
|---|---|
| Processor Document Summary Check Sheet | Borrower's Certification & Authorization (DITech) |
| Processor Cover Sheet | Uniform Underwriting and Transmittal Summary |
| Closing Instructions - Notice to Closing Agent & Borrower(s) | Signature/Name Affidavit |
| Request For Copy or Transcript of Tax Form | W 9 Request for Taxpayer Id Num and Certification |
| Closing Instructions | 1003 (Residential Loan Application) |
| Reward Electronic Payment Plan | Addendum To HUD 1 |
| Second Mortgage Fixed Rate Note (Georgia) (VMP) | Reward Note Addendum |
| Multi State 5 Year Prepayment Addendum To Note | Second Mortgage - Deed of Trust (Georgia) (VMP) |
| Occupancy Affidavit and Financial Status | Monthly Payment Letter |
| Truth In Lending Disclosure Statement | Itemization Of Amount Financed |
| Notice Of Right To Cancel (General) | Error and Omissions / Compliance Agreement |
| Correction Agreement Limited Power of Attorney | Closing Accommodation Rider |
| Acknowledgment of Deed of Trust / Mortgage | Owner's Affidavit (to be used for ATM only) |
| Certification of Trust | |

CONDITIONS TO BE SATISFIED AT CLOSING

Cash Out in excess of existing first lien  seasoned second lien  all closing costs  and 1% of the new loan amount      permitted

CONDITIONS TO BE SATISFIED AT CLOSING

Cash Out in excess of existing first lien  seasoned second lien  all closing costs  and 1% of the new loan amount      permitted



SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JEAN L RAST | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | CIVIL ACTION FILE |
| | ) | NUMBER 2004CV92184 |
| GMAC MORTGAGE CORPORATION | ) | |
| d/b/a Ditech com, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant GMAC Mortgage Corporation d/b/a Ditech com ("Defendant"), by counsel, give notice that they have this day filed a Notice of Removal of this action, pursuant to 28 USC §§ 1441 and 1446, in the United States District Court for the Northern District of Georgia, Atlanta Division  Pursuant to 28 USC § 1446(d). "the State court shall proceed no further unless and until the case is remanded " A copy of the Notice of Removal, less attachments, is attached and filed herewith as Exhibit A

This 13th day of December, 2004

                                                   Curtis L Mack
                                                   Georgia Bar No 463636
                                                   Jefferson M Allen
                                                   Georgia Bar No 010898
                                                   Attorneys for Defendant
                                                   GMAC Mortgage Corporation
                                                   d/b/a Ditech com

MCGUIREWOODS LLP
1170 Peachtree Street, N E , Suite 2100
Atlanta, Georgia 30309
Telephone (404) 443-5730
Facsimile (404) 443-5784



EXHIBIT 2

**SIGNATURES CONTINUED ON FOLLOWING PAGE**

                          Andrew J. Soven
                          Mark S. Melodia
                          Melissa P. Marschner
                          Attorneys for Defendant
                          GMAC Mortgage Corporation
                          d/b/a Ditech.com

REED SMITH LLP                Motions Pro Hac Vice Pending
Princeton Forrestal Village
136 Main Street
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824

## CERTIFICATE OF SERVICE

I HEREBY certify that I have served a copy of the NOTICE OF REMOVAL TO FEDERAL COURT upon all counsel by first class mail, postage prepaid, addressed to

>F. Anthony Blakey
>Kelly, Lovett, Mullis & Blakey, P.C.
>2539 Lafayette Plaza Drive
>P.O. Box 70879
>Albany, GA 31708

This 13th day of December, 2004

*[signature]*
Jefferson M. Allen
Georgia Bar No. 010898

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309
Telephone  (404) 443-5730
Facsimile  (404) 443-5784

\COM 468594.1

## CERTIFICATE OF SERVICE

I HEREBY certify that I have served a copy of the NOTICE OF REMOVAL upon all counsel by first class mail, postage prepaid, addressed to

> F Anthony Blakey
> Kelly, Lovett, Mullis & Blakey, P C
> 2539 Lafayette Plaza Drive
> P O Box 70879
> Albany, GA 31708

This 13th day of December, 2004

_____
Jefferson M Allen
Georgia Bar No 010898

McGuireWoods LLP
1170 Peachtree Street, N E
Suite 2100
Atlanta, Georgia 30309
Telephone (404) 443-5730
Facsimile (404) 443-5784

\\COM\468586 1